UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

JORGE PEREZ PEREZ,

                Petitioner,

    v.

BRUCE SCOTT[1], Warden of Northwest ICE Processing Center, and ICE FIELD OFFICE DIRECTOR,

                Respondents.

No. 2:26-CV-01693-SAB

**ORDER DENYING PETITION FOR HABEAS CORPUS**

On May 15, 2026, Petitioner filed a Petition for Writ of Habeas Corpus Pursuant To 28 U.S.C. § 2241, ECF No. 1. Petitioner is proceeding pro se. Respondent is represented by Alixandria Morris. Having reviewed the relevant record, the Court denies Petitioner's petition.

In his Petition, Petitioner, a citizen of Mexico, asserts he is being detained in U.S. Immigration and Customs Enforcement ("ICE") custody in violation of his due process rights. He states he had been detained for ten months. Petitioner suffers from mental health issues, including suicidal idealization and depression. Petitioner has been diagnosed with PTSD and Major Depressive Disorder.

Petitioner was taken into ICE custody and is detained at the Northwest ICE Processing Center ("NWIPC") after an indictment alleging criminal charges

---

[1] On June 1, 2026, Petitioner filed a response in which he named Bruce Scott as Respondent.

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS ~ 1**

against him was dismissed in the District of Oregon.

Respondents maintain Petitioner is being mandatorily detained pursuant to 8 U.S.C. § 1225(b)(2)(A). In its response, Respondents provided an Order of the Immigration Judge, where the IJ conducted a bond hearing pursuant to *Franco-Gonzalez v. Holder*[2], denied a request for a change in custody, and found Petitioner was a danger to the community and a flight risk. Although Respondent believes Petitioner is a member of the *Rodriguez Vazquez* class, the IJ did not specifically find it did not have jurisdiction to conduct a bond hearing. Instead, it appears it conducted the hearing pursuant to § 1226(a). This Court lacks jurisdiction to review the merits of the IJ's decision. 8 U.S.C. § 1226(e).

Moreover, the Ninth Circuit has found that § "1226(a) and its implementing regulations provide extensive procedural protections that are unavailable under other detention provisions, including several layers of review of the agency's

---

[2] *Franco-Gonzalez v. Holder*, No. CV10-02211, 2013 WL 3674492 (C.D. Cal. Apr. 23, 2013). In that case, the district court held that class members detained for more than 180 days are entitled to a custody redetermination hearing, at which the Government bears the burden of establishing by clear and convincing evidence that their continued detention is necessary. Class members were defined as:

> All individuals who are or will be in DHS custody for removal proceedings in California, Arizona, and Washington who have been identified by or to medical personnel, DHS, or an Immigration Judge, as having a serious mental disorder or defect that may render them incompetent to represent themselves in detention or removal proceedings, and who presently lack counsel in their detention or removal proceedings.

A *Franco–Gonzales* detention hearing is not a statutory hearing under 8 U.S.C. § 1226(a), but rather a procedural requirement imposed by the *Franco–Gonzales v. Holder* class action injunction to protect certain detained immigrants who are mentally incompetent to represent themselves in immigration proceedings.

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS ~ 2**

initial custody determination, an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1202 (9th Cir. 2022).

Here, it appears Petitioner was afforded representation by counsel at the January 2026 bond hearing. It is not clear whether he appealed that decision. Even so, Petitioner has not shown that his continued detention at this point in the proceedings violates his due process rights. *See Mathews v. Eldridge*, 424 U.S. 319 (1976).

Under *Mathews*, the "identification of the specific dictates of due process generally requires consideration of three distinct factors." *Id.* at 334–35. "First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Id*. at 335.

As to the first *Mathews* factor, Petitioner's private interest weighs in his favor, given that he has been in custody for over ten months. That said, although he has been detained for ten months, he was not without process during that time because a bond hearing before an IJ took place in January 2026.

As to the second *Mathews* factor, "the existing agency procedures sufficiently protect[ Petitioner's] liberty interest and mitigate the risk of erroneous deprivation." *Rodriguez Diaz*, 53 F.4th at 1209.

Finally, as to the third *Mathews* factor, the Government clearly has a strong interest in preventing aliens from remaining in the United States in violation of the laws of the United States. *Id.* at 1208.

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS ~ 3**

Accordingly, **IT IS HEREBY ORDERED:**

1.    Petitioner's Petition for Writ of Habeas Corpus Pursuant To 28 U.S.C. §, 2241, ECF No. 1, is **DENIED**.

**IT IS SO ORDERED**. The Clerk of Court is directed to enter this Order, provide copies to counsel, enter judgment in favor of Respondent and against Petitioner, and **close** the file.

**DATED** this 12th day of June 2026.

_____
Stanley A. Bastian
U.S. District Court

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS ~ 4**